IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GRAND RIVER ENTERPRISES SIX
NATIONS LTD.,

                Plaintiff,                    OPINION & ORDER

  v.

                                                         13-cv-104-wmc

VMR PRODUCTS LLC, d/b/a V2 CIGS,

                Defendant.

---

In this action for trademark infringement, plaintiff Grand River Enterprises Six Nations, Ltd. ("Grand River") alleges that defendant VMR Products LLC ("VMR") has infringed its trademark rights under federal and common law. Currently before the court is VMR's Motion to Strike the Expert Report of Stephen M. Nowlis ("Nowlis Report") (dkt. #120), on the grounds that the report was not timely disclosed. In connection with that motion, VMR also asks the court to exclude Nowlis's testimony at trial and for an award of fees and expenses in connection with the motion to strike.

The deadline for proponent expert disclosures was January 27, 2014, based on the parties' own stipulation. (*See* dkt. ##35, 36.) On January 27, VMR represents that it disclosed its own expert, Jeffrey M. Samuels, and provided Grand River with his report (the "Samuels Report"), which contains opinions as to whether Grand River's COUTURE mark is used in United States commerce. Grand River did not disclose any experts at that time.

On February 28, 2014, Grand River served VMR with the Nowlis Report. The Nowlis Report contains three paragraphs purportedly discussing the use of the COUTURE mark in commerce. (*See* Nowlis Report (dkt. #122) ¶¶ 7-9.) The remainder of the report is devoted to an analysis of the likelihood of consumer confusion and contains sections

analyzing the similarities between the two marks, the similarities of the target markets and the goods, and concurrent use of the marks. (*Id.* at ¶¶ 10-49.)

Federal Rule of Civil Procedure 26(a)(2)(D) requires parties to make disclosures "at the times and in the sequence that the court orders." At the parties' request, the court established a deadline in this case of proponent expert disclosures to be due on January 27, 2014. Likelihood of confusion is an issue on which the plaintiff bears the burden of proof. *See Ty Inc. v. Softbelly's Inc.*, 353 F.3d 528, 535 (7th Cir. 2003) (noting that plaintiff Ty had burden of proof on likelihood of confusion). Thus, any expert evidence Grand River had to offer on the issue of likelihood of confusion should have been disclosed by January 27, making its February 28 disclosure thirty days late.

Grand River's attempt to defend its untimely disclosure is unconvincing. Grand River argues that the Nowlis Report is timely because it is "intended solely to contradict or rebut evidence" offered by VMR's expert under Fed. R. Civ. P. 26(a)(2)(D)(ii). This is true only to a very limited extent: in Paragraph 7, Nowlis purports to rebut Samuels' opinions on use in commerce by opining that "Couture cigarettes are used in commerce in the United States." (Nowlis Report, at ¶ 7.) But the vast majority of the Nowlis Report deals with the likelihood of confusion, a topic addressed *nowhere* in the Samuels Report. As Grand River itself points out, "[t]he proper function of rebuttal evidence is to contradict, impeach or defuse the impact of the evidence offered by an adverse party." *Peales v. Terre Haute Police Dep't,* 535 F.3d 621, 630 (7th Cir. 2008). With the exception of Nowlis's wholly conclusory statement in paragraph 7 that Couture cigarettes *are* used in U.S. commerce, the opinions on the likelihood of confusion between the COUTURE and VAPOR COUTURE

2

marks have nothing to do with the opinions in the Samuels Report and are not proper rebuttal evidence.

Grand River also argues that an inquiry into the use of the COUTURE mark in commerce "cannot be extracted or isolated from the impact on U.S. consumers regarding the use in commerce of the parties' competing COUTURE marks." (Pl.'s Br. Opp'n Mot. Strike (dkt. #124) 3.) As best the court can determine, Grand River conflates the question of the extent and nature of a mark's use in commerce, which may bear on the likelihood of confusion,[1] with the question of whether the mark is used in U.S. commerce *at all*, such that a party has established trademark rights. Since those are two distinct inquiries both factually and legally, there is *no* basis to argue the two overlap except on the most superficial level. Even if the inquiries were not easily separated, Grand River still had the burden to make a timely proponent expert disclosure on likelihood of confusion. The bulk of the Nowlis Report is, therefore, indisputably untimely.

In the Seventh Circuit, when a party violates Rule 26, "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) (quoting *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998)). Under *David*, courts consider four factors in determining whether to exclude testimony or evidence not properly disclosed under Rule 26:

> (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and

---

[1] The extent of a mark's use might bear upon the strength of the mark, the area and manner of concurrent use and even an intent to "palm off" a defendant's goods as those belonging to a plaintiff. *See Ty, Inc. v. Jones Grp., Inc.*, 237 F.3d 891, 898 (7th Cir. 2001) (likelihood of confusion factors).

>> (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date.

*Id.* at 857.  In this case, VMR was prejudiced by the month-late disclosure of Grand River's expert on the likelihood of confusion, and Grand River's subsequent refusal to withdraw that report or seek an extension of the disclosure deadline.  VMR also credibly argues that it has been prejudiced due to the timing of the disclosure in relation to the summary judgment briefing and to the impact on its litigation strategy overall.[2]

Grand River nevertheless argues that VMR was not prejudiced because it could not have responded to the Nowlis Report in its brief in opposition even if the report had been timely served, since the deadlines were the same day.  While this is true, so far as it goes, Grand River *did* gain an advantage insofar as it could -- and did -- respond directly to VMR's brief in opposition.  In fact, the Nowlis Report quotes directly from VMR's brief at several points and uses those quotations to direct its analysis.  (*See, e.g.*, Nowlis Report ¶¶ 11, 24, 28.)  Furthermore, after the proponent expert deadline came and went with no word from Grand River, VMR had the right to expect that Grand River would not be offering expert testimony on issues on which it had the burden of proof and to prepare its defense accordingly, including the decision not to require its own respondent expert on the issue of likelihood of confusion.  Combined with a complete lack of excuse for its delay, this is enough to prejudice VMR.

Finally, Grand River argues that even if VMR was prejudiced, the prejudice is easily cured because: (1) VMR has time to depose Nowlis; (2) the court has already granted VMR

---

[2] With respect to the first point, VMR's brief in opposition to Grand River's motion for summary judgment was due on January 27, 2014, the same day as proponent expert disclosures.  By waiting until February 28, 2014, VMR argues that Grand River was able to avail itself of the benefit of VMR's brief in opposition in crafting the Nowlis Report.

4

an extension to designate a rebuttal expert; and (3) likelihood of confusion is not a novel legal theory. The court finds these arguments unpersuasive. *First,* trial in this matter is less than two months away, and VMR should not now have to rush to prepare for Grand River's untimely-disclosed expert on top of its other trial preparations. *Second,* the chance to offer rebuttal expert disclosures is not intended to relieve a party with the burden of proof from timely coming forward with evidence necessary for its case in chief; it is meant to allow parties to reply directly to any unanticipated -- and properly responsive -- nuances in respondent disclosures. *Third,* though Nowlis is not testifying as to a "novel legal theory," he is certainly advancing new evidence and arguments in support of Grand River's theory.[3]

The court, therefore, will grant VMR's motion to strike the opinions on likelihood of confusion contained in the Nowlis Report and will preclude Nowlis from testifying at trial as to those opinions. Grand River is ordered to pay VMR's reasonable expenses caused by its failure to timely disclose its expert, pursuant to Federal Rule of Civil Procedure 37(b)(2)(C).[4]

VMR also asks the court to exclude the remainder of the Nowlis Report under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), because Nowlis, as a purported marketing and consumer behavior expert, is not qualified to testify as to whether

---

[3] As support for its position, Grand River cites *Sandisk Corp. v. Kingston Tech. Co.*, No. 10-cv-243-bbc, 2011 WL 7121190, at *3 (W.D. Wis. Oct. 27, 2011), but that case is not applicable here. The court in *Sandisk Corp.* denied a motion to exclude an untimely supplemental expert report, because the supplemental report merely identified new deposition testimony that supported the expert's earlier, timely-disclosed opinions. Because the report supplied no new evidence, arguments or theories, and because the movant had actually been present at the depositions in question and thus could not have been surprised by the testimony, the court found any failure to disclose timely to be harmless. In contrast, the Nowlis Report is not a supplement; it advances new evidence and arguments (if not new legal theories); and VMR had no way of knowing what the evidence and arguments were until it actually received the Nowlis Report.

[4] VMR also asks the court to extend its deadline for designating a rebuttal expert. Since Grand River is precluded from using Nowlis's report or testimony, that portion of its request is denied as moot.

a mark has been "used in commerce." The court need not delve deeply into this question, however, because the dispute between the parties as to whether COUTURE has been "used in commerce" is premised on their differing *legal* interpretations of the Lanham Act and on the appropriateness of applying the doctrine of judicial estoppel. In the Seventh Circuit, "Federal Rules of Evidence 702 and 704 prohibit experts from offering opinions about legal issues that will determine the outcome of a case." *United States v. Sinclair*, 74 F.3d 753, 757 n.1 (7th Cir. 1996); *see also Roundy's Inc. v. N.L.R.B.*, 674 F.3d 638, 648 (7th Cir. 2012) (disallowing expert testimony amounting to legal argument); *United States v. Caputo*, 517 F.3d 935, 942 (7th Cir. 2008) (meaning of a statute is "a subject for the court, not for testimonial experts"); *Maloney v. Central Aviation, Inc.*, 450 F. Supp. 2d 905, 912 (W.D. Wis. 2006) (noting that "expert witnesses are prohibited from rendering legal opinions").

As a result, *neither* party's expert may render an opinion on how the court should interpret the Lanham Act, nor on whether Grand River should be judicially estopped from claiming it uses the COUTURE mark in commerce. Thus, VMR's motion to strike is granted with respect to the remainder of Nowlis's testimony as well. The court also cautions VMR that it may not present any improper expert opinion testimony of its own at trial, nor will the court consider any improper legal conclusions contained within the Samuels Report for purposes of resolving the pending motions for summary judgment.

ORDER

IT IS ORDERED that defendant VMR Products LLC's Motion to Strike (dkt. #120) is GRANTED IN PART and DENIED IN PART, consistent with the opinion above.

Entered this 23rd day of April, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge